VALENTÍN POLANCO DE JESÚS, Plaintiff and Appellant, v. ALFREDO CORTÉS ET AL., Defendants and Appellees.

No. 9353. Argued November 4, 1946.—Decided December 16, 1946.

L. Mercader for appellant. Angel Rivera Colón for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

This court modified and affirmed the judgment of the District Court of Arecibo rendered in this case to recover the rents which the mortgagee ought to have received while she was in possession of the house. *Polanco* v. *Cortés,* 65 P.R.R. 809. Defendants deposited in the lower court the sum of $480 in satisfaction of 'the judgment. Plaintiff challenged the amount deposited because it did not include interest at the annual rate of 6 per cent from the time the district court rendered the original judgment. Defendants objected and alleged that they only had to deposit the interest from the time judgment was rendered by this court, and the court upheld them, relying on *Ruberté* v. *Am. R. R. Co.,* 53 P.R.R. 177. Plaintiff appealed from the order of the court, and he urges in his appeal that the court violated § 341 of the Code of Civil Procedure [1] as construed in *Ex parte Franceschi,* 53 P.R.R. 72.

In *Ex parte Franceschi, supra,* we held, at pp. 75–76, that "By the express provision of section 341 the interest to be included by the secretary 'in the judgment entered up by him' runs 'from the time when it was made', not from the time when it may be affirmed, or modified and as modified affirmed, by this court on appeal. It is a plain case of *lex scripta.*" We ratified this doctrine in *Concepción* v. *Latoni,* 63 P.R.R. 666.

The case of *Ruberté* v. *American Railroad Co., supra,* on which the lower court rested its decision, may be easily distinguished from the case at bar. In that case we reversed the judgment rendered by the lower court and entered another judgment wherein we decided, copying from the syllabus, "that interest on this judgment runs from the date on which it was rendered, and not from the date on which the lower court rendered its judgment." In the present case we modi-

---

[1] In its pertinent part § 341 provides that "The secretary must include in the judgment entered up by him, any interest on the judgment of the court, *from the time it was made, . . .*" (Italics ours.)

fied and affirmed the judgment as modified and, therefore, it falls precisely within the doctrine established in *Ex parte Franceschi, supra,* and *Concepción* v. *Latoni, supra.*

The order of the District Court of Arecibo declaring the deposit well made must be reversed, and another rendered accordingly ordering the deposit of interest at the legal rate of 6 per cent per annum accrued from the date the original judgment was rendered, that is, from October 31, 1944, until such time as payment is made.

Mr. Justice Snyder did not participate herein.